BELLINGER, District Judge.
The act of July 25, 1866, c. 242 (14 Stat. 239), granting lands to aid in the construction of a railroad from Portland to a connection with the Central Pacific Railroad in California, granted every alternate section of public lands, not mineral, to the amount of 10 sections on each side of said railroad; and it provided that when any of said alternate sections, or parts thereof, should be found to have been granted, sold, reserved, occupied by homestead settlers, pre-empted, or otherwise disposed' of, other lands should be selected in lieu thereof, as provided for *542 in the act. Among other lands in odd-numbered sections within the primary grant to the railroad were the north half of the southwest quarter and the northwest quarter of the southeast quarter of section 15, township 5 south, range 4 west of the Willamette meridian, consisting of 120 acres of land. In March and November, respectively, in the year 1855, Harris Stanly and H. B. Buffum duly filed on these lands—Stanly, on the south half of section 15; and B.uffum, on the southeast quarter of section 15 and the southwest quarter of section 13—the former intending to acquire title under the donation land laws of the. United States, and the latter under the pre-emption laws of the United States. These lands were public lands at the time, and subject to be taken as aforesaid. On the 12th day of July, 1871, the President of. the United States, without the knowledge of these adverse claims, issued to the Oregon & California Railroad Company a patent to the lands aforesaid. It is alleged in the complaint that the ministerial officers of the United States acted mistakenly, erroneously, and contrary to law in issuing said patent, and that the same is void, and should be so declared. It is alleged that the land in question has a value of $2.50 per acre.
An act of Congress approved March 3, 1887, c. 376, 24 Stat. 556 (U. S. Comp. St. 1901, p. 1595], authorized the Secretary of the Interior to adjust railroad land grants theretofore unadjusted; and it provided that, if it should appear that any lands had been erroneously patented to any railroad company, the Secretary was authorized to make demand for relinquishment or reconveyance of the same; and it provided that, if the grantee company should refuse to re-convey within 90 days, then it should be the duty of the Attorney General to commence and prosecute in the proper courts the necessary proceedings to cancel such patents and restore title to the United States. And it is alleged that on the 6th day of January, 1897, the total grant of lands under the act of 1866 to the Oregon Central Railroad Company, to the rights of which the defendant company had succeeded, was unadjusted; and the Secretary of the Interior, regarding the said patents to the, above-described land as •erroneously issued, made a demand upon the defendant company for a reconveyance of said lands to the United States, which demand was refused; and it is alleged that a sufficient showing has been made by the affidavit of George H. Andrews, the acting land agent of the railroad company, that the defendant company has sold and conveyed the parcels of land in question to R. W. Phillips, and that the sale was made in good faith, ánd that Phillips is a bona fide purchaser for the full value of the land sold. It is further alleged that, in pursuance .of this showing, the Commissioner of the General Land Office duly made a demand in writing upon the defendant for the payment to the United States for said land of the sum of $300—being the value of the land at the rate of $2.50 per acre-—■ which demand was refused. This suit is brought for the recovery of such value, under the provisions of the act of March 2, 1896, 29 Stat. 42 [U. S. Comp. St. 1901, p. 1603]. By this act it is provided (section 2):
*543 “That if any persQn claiming to be a bona fide purchaser of any lands erroneously patented or certified shall present his claim to the Secretary of the Interior prior to the institution of a suit to cancel a patent or certification, and if it shall appear that he is a bona fide purchaser, the Secretary of the Interior shall request that suit be brought in such case against the patentee, or the corporation, company, person, or association of persons for whose benefit the certification was made, for the value of said land, which in no case shall be more than the minimum Government price thereof, and the title of such claimant shall stand confirmed. An adverse decision by the Secretary of the Interior on the bona fides of such claimant shall not he conclusive of his rights, and if such claimant, or one claiming to be a bona fide purchaser, but who has not submitted his claim to the Secretary of the Interior, is made a party to such suit, and if found by the court to be a bona fide purchaser, the court shall decree a confirmation of the title, and shall render a decree in behalf of the United States against the patentee, corporation, company, person, or association of persons for whose benefit the certification was made for the value of the land as hereinbefore provided. Any bona fide purchaser of lands patented or certified to a railroad company, and who is not made a party to such suit-, and who has not submitted his claim to the Secretary of the Interior, may establish his. right as such bona fide purchaser in any United States court having jurisdiction of the subject-matter, or at his option, as prescribed in sections three and four of chapter three hundred and seventy-six of the acts of the second session of the Forty-Ninth Congress.”
Defendant demurs to the bill of complaint, and the contention is made that this is a suit for a money judgment, and that the complainant’s remedy is in assumpsit.
The statute is intended to provide for cases where right of cancellation exists, and its provision for a decree for the payment of money is intended to provide for cases where it shall appear that the rights of innocent purchasers have intervened. Section 2, above quoted, contemplates the presentation of a claim by the bona fide purchaser to the Secretary of the Interior prior to the institution of the suit to cancel, and a request by the Secretary, based upon such claim, that suit be brought against the patentee for the minimum government price of the land so patented. It does not appear that the bona fide purchaser has presented such a claim. Nevertheless, it does appear that the basis for such a claim exists; that Phillips, the party named, is a bona fide purchaser of the land in question, and would have good right to make such claim as is contemplated in section 2, above quoted. This fact so appears upon the showing made by the officers of the defendant company in response to the request upon that company for cancellation of the patents alleged to have been erroneously issued. The case is therefore within the reason of the provision which permits such a claim to be presented, and which makes it the duty of the Secretary of the Interior thereupon to request that suit be brought against the defendant company for the lands patented. The defendant is not prejudiced in any right by the fact that the Secretary of the Interior has taken this initiative without claim made by the bona fide purchaser; the facts appearing which show the existence of the right in such purchaser. It is true that in the particular case the demand is for a money decree, and this would be true in ány case brought in pursuance of the request of the Secretary of the Interior upon a ■ claim made by the bona fide purchaser. The act authorizes such *544 suit, and is the only authority for a proceeding to recover the price of the lands erroneously patented.
In this suit the hearing is according to equitable methods. The right to the relief prayed for depends upon facts which it is the province of a court of equity to examine into and pass upon. In other words, before there can be a decree against the defendant for the price of the land patented, all those facts must be determined upon which the right to cancellation, but for the intervention of the bona fide purchaser’s claim, depends.
The demurrer is overruled.